**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

O.O.,
by his parent and next friend,
Claudia Pabo,
3512 Rodman Street, NW,
Washington, D.C. 20008,

and

CLAUDIA PABO,
3512 Rodman Street, NW,
Washington, D.C. 20008,

Plaintiffs,

v.

**Civil Action No. ___________**

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

ADRIAN M. FENTY, (officially as)
Mayor of the District of Columbia,
John A. Wilson Building,
1350 Pennsylvania Avenue, NW,
Washington, DC 20004,

and

MICHELLE A. RHEE, (officially as)
Chancellor,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## Preliminary Statement

1. This is an action for the long overdue placement and funding of O.O. at Kingsbury Day School, effective as of the commencement of the 2006-07 school year, after the District of Columbia Public Schools ("DCPS") failed to provide him with a free appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487, and an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office exacerbated that failure by refusing or failing to issue a Due Process Decision months after the conclusion of the hearing before him. In short, this is a total breakdown of the IDEA in the District of Columbia.

## Jurisdiction

2. This Court has jurisdiction over this matter pursuant to the IDEA; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs have effectively exhausted their administrative remedies and appeal to this Court following the failure of an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office to issue any decision in their case.

## Parties

3. O.O. is a disabled child, as defined by the IDEA, eligible to receive special education and related services. At all times relevant to this action, he and his mother, Claudia Pabo, resided in the District of Columbia. Ms. Pabo brings this action on O.O.'s behalf and in her own right.

4. The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with the IDEA.

5. Adrian M. Fenty is the Mayor of the District of Columbia. As of June 12, 2007, he has authority over DCPS pursuant to the Public Education Reform Amendment Act of 2007, Law 17-9, Act 17-38. As such, he has authority over all operations and functions of DCPS, which includes ensuring that DCPS complies with District and federal law as to the education of disabled children, that all disabled children in the District of Columbia receive a FAPE, and that their rights to equal protection and due process of law are respected. He is sued in his official capacity.

6. Michelle A. Rhee is the Chancellor of DCPS. She serves at the pleasure of the Mayor and is the public official charged with the responsibility for ensuring that DCPS complies with District and federal law as to the education of disabled children. She also ensures that all disabled children in the District of Columbia receive a FAPE and that their rights to equal protection and due process of law are respected. She is sued in her official capacity.

**Factual Allegations**

7. O.O. is a fourteen-year-old student eligible to receive special education services under the IDEA as a student with Multiple Disabilities. O.O. has a specific learning disability, language disorder, problems with reading social cues and peer relationships, behaviors associated with Attention Deficit Hyperactivity Disorder ("ADHD") including some oppositionality, impulsivity, variable attention, hyperactivity, and poor executive functioning. O.O. is also identified as having Fetal Alcohol Syndrome. His disabilities are significant and require that he receive intensive educational support to access education.

8. During the 2005-06 school year, O.O. attended fifth grade at Our Lady of Victory School. This was O.O.'s second time in the fifth grade. Prior to attending Our Lady of Victory, O.O. attended fourth and fifth grade at John Eaton Elementary School, a District of Columbia Public School. Before attending John Eaton, O.O. attended Hearst Elementary School, also in DCPS, for pre-kindergarten through third grade. He entered pre-kindergarten at the age when he should have entered kindergarten. Thus, O.O. is currently two years behind his peers in school.

9. O.O. experienced great difficulty with his schoolwork during the 2005-06 school year, as he had in previous years. His mother spent several hours a night with him trying to complete his assignments. She became very concerned about O.O.'s academic difficulties; both she and staff members at Our Lady of Victory felt that he may need special education in order to be successful.

10. In the Spring of 2006, Ms. Pabo contacted DCPS and requested that the school system determine O.O.'s eligibility for special education.

11. In April of 2006, a multi-disciplinary team ("MDT") met and determined that evaluations and observations were necessary in order to respond to Ms. Pabo's request. DCPS completed the evaluations and observations during the Spring and Summer of 2006.

12. The MDT reconvened prior to the start of the 2006-07 school year to review all evaluations and observations, and to determine O.O.'s eligibility. The team found O.O. eligible for special education services and proposed the required Individualized Education Program ("IEP") with goals and objectives.

13. The MDT eventually recommended that O.O. receive full-time special education at the Prospect Learning Center ("Prospect") for the 2006-07 school year. After reviewing the

proposed IEP, O.O.'s educational consultant, Dr. Laura Solomon, shared many concerns about the goals and objectives with the DCPS IEP team. The team refused to modify any of the goals and/or objectives, but did not explain why. Although its IEP called for some general education mainstreaming, the MDT placed O.O. in a special education facility where mainstreaming is not possible. The team thus proposed a placement where its own proposed IEP could not be implemented.

14. Dr. Solomon and Ms. Pabo observed Prospect and found it plainly inappropriate for O.O. Among other reasons, Ms. Pabo and Dr. Solomon found that Prospect could not offer the flexible curriculum that O.O. needs to succeed, that the class sizes were too large, and that O.O. only would have been able to attend Prospect for one year before aging out.

15. Dr. Solomon and Ms. Pabo were also informed by the director of Prospect that no space existed for O.O. in an appropriate classroom, and that she did not know when a space would open up.

16. During the entire 2006-07 school year, an available space for O.O. at Prospect never came into existence.

17. Accordingly, Ms. Pabo enrolled O.O. at Kingsbury Day School, a private special education day school in the District of Columbia, for the 2006-07 school year. Kingsbury was, and continues to be, an appropriate placement for O.O.

18. On September 14, 2006, Ms. Pabo filed a due process hearing request, appealing the DCPS procedural and substantive failures.

19. In response to the hearing request, the IDEA required DCPS to convene a timely resolution session that included (1) knowledgeable MDT/IEP team members, and (2) at least one DCPS representative with decision-making authority. 20 U.S.C. § 1415(f)(1)(B).

20. On September, 26, 2006, DCPS convened a resolution session run by Kymberly Grafton, a DCPS representative with no decision-making authority, and who had no knowledge of O.O. At the meeting, Ms. Grafton informed Ms. Pabo that she had no authority to state anything except the DCPS pre-existing position – that Prospect was an appropriate placement for O.O.

21. In overt violation of the IDEA and holdings of this Court, DCPS failed to have a representative from Prospect present at the meeting or anyone with decision-making authority. The parties were unable to resolve the issues in the complaint.

22. On January 16 and March 14, 2007, a due process hearing was held before Hearing Officer Terry Michael Banks. At the hearing, plaintiffs confirmed without challenge that, in addition to their substantive concerns regarding the appropriateness of Prospect, there was actually no room for O.O. at Prospect and so DCPS had failed to offer any placement. Dr. Eve Peterson, who runs Prospect, testified that there was no room for O.O. at Prospect and that she did not know when, how, and by whom any new class for him could be set up and run.

23. Because of the two-month gap between hearing dates, Hearing Officer Banks ended the hearing without oral closing arguments so that counsel would have time to receive and review transcripts from the hearing dates and submit written closing arguments.

24. DCPS failed to provide adequate transcripts to allow counsel to complete

closing arguments. The first transcript of the first day of hearing was so rife with errors that both parties agreed to have it replaced. The second transcripts, containing both days of the hearing, were not received by counsel until June 7, 2007. While better, these transcripts still contained a multitude of errors, including misidentification of witnesses and the lack of a certification by a court reporter.

25. Despite these errors, plaintiffs submitted their closing argument to the Hearing Officer on August 2, 2007, and DCPS submitted its closing argument on August 6, 2007. Counsel for plaintiffs submitted a reply to DCPS' closing argument on August 9, 2007.

26. As of October 15, 2007, despite having received all evidence and heard all testimony as of March 14, 2007, and despite having received transcripts as of June 7, 2007, and despite having received all closing arguments as of August 9, 2007, Hearing Officer Banks has not issued a decision in this case. Hearing Officer Banks has had all information necessary to render a decision since August 9, over two months ago, and has had much of the information since well before that time.

27. Section 800.1 of the Standard Operating Procedures Manual for the DCPS Special Education Hearing Office states that all parties have a "right to written finding of fact and decision. The Hearing Officer must prepare a written decision setting forth his or her findings of fact, analysis of the law, and final order."

28. The Code of Federal Regulations requires that, if a hearing request is not resolved through the resolution meeting within thirty days, then a hearing must be held and the hearing officer must issue a decision within 45 days after the expiration of that 30-day resolution period, or in other words, that a decision must be reached within seventy-five days of the complaint. 34

C.F.R. § 300.515(a). It has been over a year since the complaint was filed and the illegal and unsuccessful resolution session was held. In § 1003 of its Standard Operating Procedures Manual, the DCPS Special Education Hearing Office echoes the federal regulations by stating that, "the final decision must be signed, dated, and issued within 10 days following the hearing and no more than seventy-five (75) days following the request for hearing." It has been two months since the end of the hearing and over a year since the request for the hearing.

29. On August 31, 2007, counsel for plaintiffs sent a letter to Hearing Officer Banks inquiring as to when the decision would be ready. Hearing Officer Banks did not respond.

30. O.O. and his mother, Claudia Pabo, are aggrieved by the failure of DCPS to offer an appropriate placement, or any placement at all, that could actually accommodate O.O. and his needs. Because of the multiple delays in the hearing process, O.O. is now too old to even attend Prospect, the placement proposed by DCPS, and no new placement has been offered.

31. O.O. and his mother are also aggrieved by the failure of Hearing Officer Banks to issue any decision or any form of relief in this case. As a result of this failure, DCPS still has not given O.O. an appropriate placement over a year after it found him eligible for special education. Likewise, the due process complaint that Ms. Pabo filed over a year ago still has not been resolved.

**COUNT I**

(Failure to Issue a Decision)

32. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 31 above.

33. Federal and D.C. law require that a hearing officer issue a timely decision following a due process hearing so that the plaintiffs' complaints can be resolved.

34. The Hearing Officer committed error, and violated plaintiffs' due process rights under the IDEA and D.C. law, by failing to issue any decision in a timely manner.

**COUNT II**

(Failure to Provide a FAPE)

35. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 31 above.

36. Federal and D.C. law require that a school system provide a student with a free and appropriate public education ("FAPE"), and that a system that fails to provide a student with a FAPE must place and fund that student in a private placement that can provide that student with educational benefit.

37. DCPS failed to offer O.O. a FAPE when it offered him a placement knowing that there was no space for him, and that even if there was space that it would not have been appropriate. In violation of federal and D.C. law, DCPS currently does not have a placement for O.O..

38. Kingsbury has been and continues to be an appropriate placement for O.O. where he is receiving significant educational benefit.

39. The Hearing Officer committed error, and violated plaintiffs' rights under the IDEA and D.C. law, by failing to order DCPS to place and fund O.O. at Kingsbury effective as of the commencement of the 2006-07 school year.

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue declaratory relief that Claudia Pabo is entitled to reimbursement from DCPS for O.O.'s education at Kingsbury from the beginning of the 2006-07 school year through the present day;

2. Order the defendants to place and fund O.O. at Kingsbury;

3. Order defendants to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

4. Award any other relief that this Court deems just.

Respectfully submitted,

Michael J. Eig #912733
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740
Counsel for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

O.O., a minor, by his parent and next friend, Claudia Pabo

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

District of Columbia, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Eig & Assocites, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. *Antitrust*

- ☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 U.S.C. secs. 1400, et seq.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ________ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

DATE 10-15-07 SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.