UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            :
**O.O., by his parent and next friend**     :
   **CLAUDIA PABO, et al.,**          :
                                            :
      **Plaintiffs,**                      :
                                            :
      **v.**                              : Civ. Action No. 07-1863(JDB)
                                            :
**DISTRICT OF COLUMBIA, et al.,**           :
                                            :
      **Defendants.**                      :
_____:

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Sentences one and three are the pleader's characterization of the action to which no response is required. If a response is required, then the same are denied. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

2. Admitted that this Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). The remaining allegations are the pleader's conclusion and characterization of the action to which no response is required. If a response is required, then the same are denied.

3. Sentence one is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence two. Sentence three is the pleader's rationale for bringing this action to which no response is required. If a response is required, then the same is denied.

4. Admitted.

5. Admitted as to sentences one and four. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

6. Admitted as to sentences one and four. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

7. Admitted as to sentence one. Defendants lack knowledge and information sufficient to enable them to respond to the allegations in sentences two and three at this time. Sentence four is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

8. Defendants lack knowledge and information sufficient to enable them to respond to the allegations in sentences one through four at this time. The remaining allegations are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

9. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

10. Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

11. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

12. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

13. Defendants admit sentence two. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations at this time.

14. Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

15. Defendants admit that an Individualized Education Plan ("IEP") meeting took place on August 30, 2006. The IEP meeting notes speak for themselves. The remaining allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

16. The IEP meeting notes speak for themselves. The remaining allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

17. The IEP speaks for itself. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

18. The IEP meeting notes speak for themselves. The remaining allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

19. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

20. Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

21. Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

22. Admitted that Ms. Pabo enrolled O.O. at Kingsbury Day School. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

23. The letter of invitation speaks for itself. Sentences two and five are the pleader's recollection of the contents of the letter to which no response is required. If a response is required, then the same is denied. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations at this time.

24. Sentence one is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. Sentence two is the pleader's rationale for filing the due process hearing request to which no response is required. If a response is required, then the same is denied.

25. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

26. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

27. The IDEIA speaks for itself. This allegation is the pleader's interpretation of the statute to which no response is required. If a response is required, then the same is denied.

28. The resolution meeting notes speak for themselves. These allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

29. Sentence one is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. Admitted as to sentence two.

30. Admitted as to sentence one. The January 16th and March 14th hearing transcripts speak for themselves. The remaining allegations are the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same are denied.

31. Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

32. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

33. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

34. Admitted that Hearing Officer Banks issued his decision on November 5, 2007. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations at this time.

35. The Code of Federal Regulations ("CFR") and the Standard Operating Procedures Manual ("SOPM") speak for themselves. Sentences one and two are the pleader's recitation of the CFR and SOPM to which no response is required. If a response is required, then the same are denied. Admitted as to sentence three.

36. Admitted as to sentence one. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

37. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

38. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

39. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

40. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

41. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

42. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

43. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

44. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

45. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

46. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

47. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

48. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

49. In answer to this allegation, Defendants incorporate, by reference, their answers to paragraphs 1-48.

50. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

51. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

52. In answer to this allegation, Defendants incorporate, by reference, their answers to paragraphs 1-48.

53. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

54. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

55. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

56. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

### FIRST AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District
         of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/  *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**November 27, 2007**